UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA )
         )
     Plaintiff, )
         )   Case #: 1:25CR00002-001
vs.        )
         )
JAMES EDWARD WILLIAMS )
     Defendant. )

## SENTENCING MEMORANDUM

COMES NOW the defendant, James Edward Williams, by counsel, Charles L. Bledsoe, and files this Sentencing Memorandum:

I.  **INTRODUCTION**

James Edward Williams entered a plea of guilty on February 10, 2025 to the following:

**Count One (1) possession of a firearm and ammunition after having been convicted od at least three (3) prior convictions for serious drug offences and/or violent felonies committed on different occasions in violation of 18 USC 922(g)(1), 18 USC 924(e) and 18 USC 851 which carries a minimum mandatory period of incarceration of 15 (fifteen) years to a maximum period of life imprisonment , ( Class A Felony).**

**Count Two (2) conspiracy to possess with the intent to distribute and distribute memhamphetamine in violation of Title 21 USC 841(b)(1)(B) & 21 USC 841(a)(1)  and 18 USC 851 a Class A Felony which carried a minimum mandatory period of incarceration of no less than 10 years  and a maximum period of life imprisonment.**

1

A presentence report was prepared by the probation office on April 22, 2025, and filed with this Court on May 12, 2025, which calculated Mr. Williams' total offense level as being 35 with a criminal history category of VI. This calculation places Mr. Williams' imprisonment range as **292 months to 365 months.** (PSIR paragraph #76). However, as noted by the probation office, the parties entered a **plea agreement pursuant to Rule 11(c)(1)(C) which provided an agreed sentencing guideline range of 180 months to 262 months** (PSIR paragraph # 78). No objections were filed challenging the findings of this report.

## II.    SENTENCING LAW

The Supreme Court in *United States v. Booker*, held that this Court must decide what sentence is sufficient, but not greater than necessary, to comply with the sentencing factors set forth in Title 18 of the United States Code § 3553(a).  18 U.S.C. § 3553 (a) requires a sentencing Court to consider:

 (1) the nature and circumstances of the offense and the history and
   characteristics of the defendant;
 (2) the need for the sentence imposed
   (A) to reflect the seriousness of the offense, to promote respect for the
     law and to provide just punishment for the offense;
   (B) to afford adequate deterrence to criminal conduct;
   (C) to protect the public from further crimes of the defendant; and
   (D) to provide the defendant with needed educational or vocational
     training, medical care, or other correctional treatment in the most
     effective manner;
 (3) the kinds of sentences available;
 (4) the kinds of sentence and the sentencing range established for
   (A) the applicable category of offense committed by the applicable
     category of defendant as set forth in the guidelines.
 (5) any pertinent policy statement;
 (6) the need to avoid unwarranted sentence disparities among defendants with
   similar records who have been found guilty of similar conduct; and
 (7) the need to provide restitution to any victims of the offense.

Under 18 U.S.C. § 31, "no limitations shall be placed on the information concerning the background, character and conduct of a defendant which a court may receive and

2

consider for the purpose of imposing an appropriate sentence". Typically, this requires the Court to consider factors such as the defendants' age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and the circumstances of the defendant's family situation when growing up.

The District Court should calculate the applicable guidelines range as "the starting point" *Rita v United States*, 551, U.S. 338 (2007). However, the District Court "may not presume the Guidelines range is reasonable." *Id* at 351. Rather the District Court should make an "individualized assessment" and "consider all of the 18 U.S.C. § 3553(a) factors." *United States v Gall*, 552 U.S. 38, 50 (2007). An analysis of Mr. Williams' 3553 (a) factors includes the following.

### III.    PERSONAL HISTORY AND CHARACTERISTICS OF DEFENDANT

James Edward Williams was born on August 25, 1982. This 42-year-old defendant never knew his biological father and his mother died when he was very young. He was adopted by Anna Williams when he was 13 years of age, and he maintains contact with her occasionally. He understands he has nine (9) brothers and sisters but maintains no contact with them.

While he never knew his biological father, his biological mother was an alcoholic and abused crack cocaine. When he was around 10 or 11 years of age, his mother died of complications from AIDS and he was placed in the custody of the Department of Social Services until his adoption. While in his adoptive home, he reports he suffered physical abuse and ran away from home at the age of 16, living with various family members and friends. He eventually became homeless. Mr. Williams is currently married. ( PSIR paragraph # 55 to 58).

### IV.  Substance Abuse History

Mr. Williams' substance abuse history is outlined in paragraphs 62 thru 68 of the PSIR.

His history indicates an extensive substance abuse history. This drug abuse history started at the age of 11 with alcohol. His introduction to drugs began early in life with the use of marijuana at the age of 13 which later progressed with the use of cocaine, heroin, prescription medication and later he experimented using meth. Mr. Williams recognizes his addiction problems and the criminal path addiction has led to his criminal path. He is hopeful this Court will recommend any and all substance abuse treatment programs available in hope of eliminating his addiction.

### V. Education and Employment History

The probation office correctly outlines Mr. Williams in its PSIR, paragraphs 69-73. It reports an individual who secured his GED after dropping out of high school and completing a number of certifications while incarcerated. He has a limited employment record and requests the Court to recommend any and all educational programs available while serving his incarceration. He hopes that by securing job skills and drug rehabilitation, he can become a productive and law abiding citizen.

### VI. CRIMINAL HISTORY

Mr. Williams acknowledges that his criminal history is bad. He fully understands that due to his bad conduct, he is now considered a career criminal and further acknowledges that as such, he faces enhanced punishment for his misdeeds. He understands that once released from prison, he will be under the strict supervision of the probation office and should he commit any further violations of the law, that he likely will be sentenced to serve the remainder of his life in jail.

### VII. THE LOW END OF THE GUIDELINES IS SUFFICIENT TO COMPLY WITH THE PURPOSE OF SENTENCING UNDER 18 U.S.C. § 3553(a).

4

Mr. Williams would request that the Court consider the low end of the sentencing guidelines. While he acknowledges the benefit he receives from the plea agreement, this Court will be compelled to sentence him to no less than 15 years (180 months). Mr. Williams was borne into a drug environment and was orphaned at a young age. He was adopted into an abusive household which he ran away from and eventually homeless at the age of 16. His drug addiction most certainly is a product of his environment growing up and the drug addiction can certainly be accredited to his criminal record. Mr. Williams understands that he is running out of chances to be a successful law-abiding citizen. At the age of 42, he now understands where his drug addiction has taken him and would like this Court to consider sentencing him to the low end of the guidelines. This is a substantial amount of time to punish him. Even at the low end of the guidelines, he will be in his mid-fifties before he is released. **Mr. Williams asks this Court to sentence him to 180 (one hundred-eighty) months.**

### VIII.      COOPERATION

Mr. Williams accepts responsibility for his actions and regrets his involvement. He entered his change of plea promptly and stipulated to his actions. He realizes that drugs not only harmed himself but hurts those he supplied. He further understands that his past criminal history requires a lengthy period of incarceration and once released, he will be strictly supervised. He understands that once released from this sentence, his next misstep will in all likely result in his spending the remainder of his life incarcerated.

### IX.      CONCLUSION

For all the reasons stated above, **Mr. Williams asks the Court to sentence him to 180 months of incarceration.**

Mr. Williams further requests that the Court recommend that all educational benefits be provided. He further requests the Court to recommend the RDAP program and any and all drug related rehabilitative programs available while incarcerated or serving his probation in order that he sufficiently address his addiction problems, so he doesn't repeat the mistakes he has made in the past. Mr. Williams wants to serve his sentence and turn his life around so he may become a better citizen when he is released.

Mr. Williams asks to serve his sentence at the Butner, North Carolina facility.

RESPECTFULLY SUBMITTED,

JAMES EDWARD WILLIAMS
BY COUNSEL

BY:
/s/ Charles L. Bledsoe
Bledsoe Law Office, P.C.
P.O. Box 657
Big Stone Gap, Virginia 24219
Telephone: 276-523-5462
Fax: 276-523-5481
Email: bledsoelawofficepc@gmail.com
TN: 022395

### CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the Sentencing Memorandum with the Clerk of the Court using the CM/ECF system which will send notification of such filings and send a copy of such filing to the Assistant United States Attorney for the Western District of Virginia, or other prosecutor, who is responsible for the handling of this case on this 19th day of May 2025.

/s/ Charles L. Bledsoe

6