**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25CR2** |
| | ) | |
| **JAMES EDWARD WILLIAMS** | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by counsel, having considered the facts and circumstances of this case, and the sentencing factors set forth in 18 U.S.C. § 3553(a), respectfully recommends that James Edward Williams be sentenced to a term of incarceration of 180 months, which is the statutory mandatory minimum sentence in this case, followed by eight years of supervised release. The government submits this memorandum in support of its recommendation.

## PROCEDURAL HISTORY

On January 6, 2025, Mr. Williams was charged via criminal complaint with drug distribution and firearm offenses. ECF No. 1. Approximately three weeks later, on January 29, 2025, a two-count Information was filed charging Mr. Williams with possession of a firearm after having been convicted of at least three prior violent felonies or serious drug offenses committed on occasions different from one another, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count One), and possession with the intent to distribute 50 grams or more of a mixture or substance containing

1

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 851 (Count Two).  ECF No. 20.  The government also filed a Sentencing Enhancement Information as to Count Two.  ECF No. 22.

On February 10, 2025, Mr. Williams pled guilty to Counts One and Two of the Information pursuant to a plea agreement.  ECF Nos. 25 and 31.  The parties agreed Mr. Williams should be sentenced to a period of incarceration within the agreed Rule 11(c)(1)(C) range of 180 months to 262 months.  ECF No. 25 at 3.  The parties stipulated to an offense level of 37 pursuant to the career offender guidelines in U.S.S.G. § 4B1.1(b)(1).  *Id.* at 5.  Mr. Williams also agreed and stipulated that he previously was convicted of certain qualifying felony offenses subjecting him to enhanced penalties under 18 U.S.C. § 924(e) and 21 U.S.C. §§ 841(b) and 851.  *Id.* at 3-4.  Sentencing is scheduled for August 28, 2025.

## LEGAL STANDARD

In sentencing a defendant, district courts must follow a four-step process: (1) properly calculate the advisory sentencing guideline range; (2) determine whether a sentence within that range and within statutory limits serves the factors set forth in 18 U.S.C. § 3553(a) and, if it does not, select a sentence that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate on the record the reasons for selecting a particular sentence and, if applicable, explain why a sentence outside of the advisory sentencing guideline range better serves the relevant

sentencing purposes set forth in § 3553(a). *United States v. Green*, 436 F.3d 449, 456 (4th Cir. 2006); *see also United States v. Booker*, 543 U.S. 220, 260–65 (2005); 18 U.S.C. § 3553(a).

Title 18, United States Code, Section 3553(a) requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing. 18 U.S.C. § 3553(a). Specifically, the Court must impose a sentence that is sufficient but not greater than necessary "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553(a)(2)(A)-(D). In determining an appropriate sentence, the Court must consider, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the defendant's Sentencing Guidelines range, and the Sentencing Commission's policy statements. 18 U.S.C. §§ 3553(a)(1), (4) and (5). While the Sentencing Guidelines are advisory, "[a]s a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

## APPLICABLE GUIDELINE RANGE

The final Presentence Investigation Report ("PSR") calculates the guideline range in this case starting with an offense level of 36 based on § 2D1.1(c)(2) of the U.S. Sentencing Guidelines, for an offense involving at least 15 kilograms but less than 45 kilograms of methamphetamine. ECF No. 38 ("PSR") ¶ 27. Considering a two-level increase for possession of a firearm, Mr. Williams' adjusted offense level is 38 and, after an additional three-level decrease for acceptance of responsibility, his total offense level is 35. *Id.* ¶¶ 28-36.

Mr. Williams' criminal history results in a criminal history-score of ten, which corresponds to a criminal-history category V. *Id.* ¶ 49. However, because Mr. Williams is a career offender, under U.S.S.G. § 4B1.1(b), his criminal-history category is VI. *Id.* The resulting guideline range is 292 months to 365 months. *Id.* ¶ 76.[1]

## STATUTORY LIMITATIONS

There is a mandatory minimum term of imprisonment of 180 months as to Count One and 120 months as to Count Two. *Id.* ¶ 75 (citing 18 U.S.C. § 924(e) as

---

[1] The parties stipulated to an offense level of 37 pursuant to the career offender guidelines in U.S.S.G. § 4B1.1(b)(1). ECF No. 25 at 5. As stated in the government's Objection to the PSR, to the extent application of an adjusted offense level of 38 is inconsistent with the parties' career offender guideline stipulation, the government objects. *See* ECF No. 36. Using an adjusted offense level of 37 would result in a total offense level of 34 and a guideline range of 262 months to 327 months.

to Count One and 21 U.S.C. §§ 841(b)(1)(B) and 851 as to Count Two). The maximum term of imprisonment is life as to both counts. *Id.* Mr. Williams also faces a fine of up to $250,000 on Count One and up to $8,000,000 on Count Two, as well as a period of supervised release of at least five years to life as to Count One and at least eight years as to Count Two. *Id.* ¶¶ 79, 292. There is a mandatory special assessment of $100 per count, pursuant to 18 U.S.C. § 3013.

## APPLICATION OF § 3553(a) FACTORS

Considering the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the Court sentence Mr. Williams to a period of incarceration of 180 months.

1.      ***Nature and circumstances of the offense.*** Mr. Williams committed serious drug and firearm offenses. On two occasions in April 2024, he sold confidential informants approximately 14.566 grams and 27.17 grams of methamphetamine, respectively, from his Wise County residence. *Id.* ¶¶ 9-10. On July 3, 2024, Mr. Williams and another individual were involved in a single-car vehicular accident, and upon a search of the surrounding area and the vehicle Mr. Williams was driving, law enforcement located a black bag containing a loaded handgun, approximately 25 grams of methamphetamine, two baggies of green plant material, and two glass smoking devices. *Id.* ¶ 15. Approximately two weeks later, on July 19, 2024, Mr. Williams failed standard sobriety tests when he was pulled

5

over after having just left a known drug house in Wise County. *Id.* ¶ 11. A search of Mr. Williams' person revealed a small plastic baggy containing methamphetamine in his rear pants' pocket. *Id.* Officers also conducted an inventory before towing Mr. Williams' vehicle and found approximately 84.44 grams of methamphetamine (the basis of Count One) and three lock boxes each containing a pistol (the basis of Count Two), as well as a silencer and a plastic baggy with five tablets containing fentanyl and/or xylazine. *Id.* Mr. Williams was arrested again just a couple months later, in September 2024, when law enforcement conducted a traffic stop on a vehicle in which he was a passenger and seized approximately one pound of methamphetamine, 14 ounces of fentanyl, and two firearms. *Id.* ¶ 20. According to Mr. Williams, he had been regularly obtaining up to 2.5 pounds of methamphetamine at a time for $5,000 from a source in West Virginia, and traveling to Lexington, Kentucky, with another individual to obtain approximately five ounces of heroin, seven to nine pounds of methamphetamine, cocaine, and various quantities of pressed pills for distribution in Wise County. *Id.* ¶¶ 17-19.

Methamphetamine and fentanyl have had devastating impacts on southwest Virginia and the Appalachian region. Mr. Williams contributed to and perpetuated this devastation by funneling large quantities of the drugs throughout the region. Additionally, his repeated combination of drugs with firearms greatly exacerbated

6

the dangerousness of his conduct to the community and speaks to the strong need for deterrence in this case.

2. ***History and characteristics of the defendant.*** Mr. Williams is 42 years old. He has an extensive criminal history that spans the entirety of his adult life. Many of his prior convictions are for violent offenses involving firearms, including state convictions for attempted murder, aggravated burglary (two counts), conspiracy to commit aggravated robbery, attempted aggravated robbery (three counts), attempted aggravated kidnapping (two counts), and aggravated assault (three counts), stemming from separate incidents that occurred in Sullivan County, Tennessee, on July 6, 2006. *Id.* ¶¶ 40-41. During one of the incidents, Mr. Williams and two others broke into a family's residence in the middle of the night, fired shots toward an adult victim, and pointed a gun at a 12-year-old victim's head while forcing her to give them money. *Id.* ¶ 40. Later the same day, Mr. Williams used a handgun to attempt to steal money from two additional victims. *Id.* ¶ 41. Mr. Williams also has multiple state convictions for distribution of Schedule I/II controlled substances, as well as convictions for misdemeanor larceny and driving with a suspended license. *Id.* ¶¶ 39, 42-46. He has violated his conditions of supervision on at least one occasion and was on state supervision at the time he committed the charged offenses. *Id.* ¶¶ 43-44, 48. Mr. Williams' possession of multiple firearms and continued possession and distribution of dangerous drugs

while on supervision, despite being a multi-time convicted felon and already having served lengthy terms of incarceration for similar conduct, weigh in favor of a lengthy sentence.

As far as personal history, Mr. Williams was born in Brooklyn, New York. *Id.* ¶ 55. He never knew his biological father and his biological mother abused crack cocaine and alcohol and died when he was ten or eleven years old. *Id.* ¶ 56. Mr. Williams was adopted at age thirteen, but reports being physically abused and running away from home at age 16, eventually becoming homeless. *Id.* He dropped out of high school in the 12th grade and later obtained his GED and several certificates (barber, florist, forklift operator) while incarcerated. *Id.* ¶¶ 69-70. Mr. Williams has been married to his current wife since 2016 and has one stepchild. *Id.* ¶ 57.

According to Mr. Williams, he is in good physical health and has never been treated or diagnosed with any mental or emotional health issues. *Id.* ¶¶ 60-61. He has a wide-ranging substance abuse history, reportedly first abusing alcohol at age 11, followed by marijuana at age 13, prescription opiates at age 20, cocaine at age 21, and Xanax at age 23. *Id.* ¶¶ 62-66. Mr. Williams reports using methamphetamine on only two occasions, with the last use being when he was 40. *Id.* ¶ 67. He participated in substance abuse treatment while incarcerated in 2024.

8

*Id.* ¶ 68. He has been unemployed since March 2024 and worked sporadically at restaurants beforehand. *Id.* ¶¶ 71-73.

3. ***The remaining factors under § 3553(a).*** A sentence of 180 months would provide just punishment, promote respect for the law, deter Mr. Williams and others from future criminal activity, and protect the public from future crimes of this defendant. It is sufficient but not greater than necessary to satisfy the sentencing factors in § 3553(a) and adequately accounts for Mr. Williams' timely and cooperative resolution of the case.

## RESTITUTION

Restitution is not applicable in this case.

## SENTENCING WITNESSES

The government does not intend to call any witnesses at Mr. William's sentencing hearing but reserves the right to call ATF Senior Special Agent Ryan Temm and the defendant as witnesses.

## SUPERVISED RELEASE

Mr. William's convictions carry a statutory period of supervised release of at least five years to life as to Count One and at least eight years as to Count Two. PSR ¶ 79. The government respectfully recommends that the Court impose a period of supervised release of eight years, which is consistent with the guidelines. *Id.* ¶ 81.

## CONCLUSION

For these reasons, the United States recommends that the Court impose a sentence of 180 months, followed by eight years' supervised release, which would be sufficient but not greater than necessary to address the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

C. TODD GILBERT
United States Attorney

*s/Lena L. Busscher*
Lena L. Busscher
VSB No.  82353
Assistant United States Attorney
U.S. Attorney's Office
180 West Main Street, Suite B19
Abingdon, Virginia 24210
276-628-4161
276-628-7399 (fax)
USAVAW.ECFAbingdon@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Sentencing Memorandum has been electronically filed by CM/ECF system, which will send notification of such filing to defendant's counsel, on this 22nd day of July 2025.

*s/Lena L. Busscher*
Assistant United States Attorney